Kaplan, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re : Master Docket No. 11 Civ. 0796 (LAK)
:
CHINA VALVES TECHNOLOGY SECURITIES : ECF Case
LITIGATION :
:
This paper applies to: ALL CASES :
:
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/2014

## [PROPOSED] ORDER ~~PRELIMINARILY APPROVING SETTLEMENT AND~~ PROVIDING FOR NOTICE



WHEREAS, effective April 28, 2014, Lead Counsel on behalf of Plaintiffs Bristol Investment Fund, Ltd. and Joseph Gibbons, and the Class, and Defendants China Valves Technology, Inc. ("China Valves" or the "Company"), Siping Fang, Jianbao Wang, Gang Wei, Renrui Tang, Ichi Shih, Binjie Fang, Zengbiao Yu, Peter Li, William Haus, and Bin Li (collectively, the "Defendants"), have entered into a settlement of the claims asserted in the Litigation, the terms of which are set forth in a Stipulation and Agreement of Settlement, dated as of April 28, 2014 (the "Settlement Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint filed in the Litigation on the merits and with prejudice, upon the terms and conditions set forth in the Settlement Stipulation; and the District Court having read and considered the Settlement Stipulation, the proposed Notice of Pendency and Proposed Settlement of Class Action, the proposed Summary Notice of Proposed Class Action Settlement and Hearing Thereon, the proposed Plan of Allocation of Net Settlement Fund Among Class Members, the proposed form of the Proof of Claim and Release, the proposed form of Order and Final Judgment relating to

1

the Settlement and submissions made relating thereto, and finding that ~~substantial and~~ sufficient grounds exist for entering this Order; and capitalized terms used herein having the meanings defined in the Settlement Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 2014, that:

1. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all those who: (i) purchased or otherwise acquired by January 13, 2011 the common stock of the Company pursuant or traceable to the Company's prospectuses issued in connection with its offering of stock on January 5, 2011; or (ii) purchased or otherwise acquired the Company's common stock from January 12, 2010 to November 18, 2010, both dates inclusive. Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of China Valves, and the affiliates, legal representatives, heirs, predecessors, successors, and assigns of any such excluded party. Also excluded from the Class are any putative Class Members who exclude themselves by filing a timely, valid request for exclusion.

2. The District Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (ii) there are questions of law and fact common to each of the Class; (iii) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (iv) the Plaintiffs will fairly and adequately represent the interests of the Class; (v) the questions of law and fact common to the members of the Class predominate

over any questions affecting only individual members of the Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, Plaintiffs are certified as the class representatives on behalf of the Class, and the Lead Counsel previously selected by Plaintiffs and appointed by the District Court is hereby appointed as Lead Counsel for the Class.

4. A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the District Court on _Sept. 4, 2014_ at _9:30_ a.m. for the following purposes:

(a) to determine finally whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the District Court;

(c) to determine whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the claims in the Complaint as to Defendants, on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties, as set forth in the Settlement Stipulation, should be ordered;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the District Court;

(e) to consider the application of Lead Counsel for an award of attorneys' fees and expenses and for awards to Plaintiffs; and

(f) to rule upon such other matters as the District Court may deem appropriate.

5. The District Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.

6. The District Court approves the form, substance, and requirements of (i) the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), (ii) the Proof of Claim and Release form (the "Proof of Claim"), and (iii) the Summary Notice of Proposed Class Action Settlement and Hearing Thereon (the "Summary Notice"), all of which are annexed hereto as Exhibits 1, 2, and 3, respectively.

7. Lead Counsel has the authority to enter into the Settlement Stipulation on behalf of the Class and is authorized to act on behalf of the members of the Class with respect to all acts or consents that are required by or may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8. Lead Counsel is authorized to retain Heffler Claims Group as the Claims Administrator to supervise and administer the Notice procedure as well as the processing of claims and distribution of the Net Settlement Fund. All reasonable fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid as set forth in the Settlement Stipulation.

9. ~~Within fourteen (14) calendar days of the entry of this Order,~~ On or before May 21, 2014, the firm that served as transfer agent for China Valves or its representative shall provide to the Claims Administrator, in a useable electronic format, China Valves' transfer records for the Class Period.

10. ~~Within twenty-one (21) calendar days of the entry of this Order~~ On or before June 4, 2014, (the "Notice Date"), Lead Counsel shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by First-Class Mail to all Class Members who can be identified with reasonable effort by Lead Counsel.

4

11.     Lead Counsel shall cause the Summary Notice substantially in the form annexed as Exhibit 3 to be published in *Investor's Business Daily* within fourteen (14) calendar days of the mailing of the Notice. The Claims Administrator shall post the Stipulation, Notice and Proof of Claim Form on its website at www.ChinaValvesSettlement.com.

12.     Lead Counsel or Lead Counsel's designated agent shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other Persons or entities who purchased the Company's common stock during the Class Period. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting the same for the purpose of distribution to beneficial owners, and such record holder shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proof of Claim to beneficial owners.

13.     Lead Counsel shall, at or before the Settlement Hearing, serve upon Defendants' Counsel, and file with the District Court, proof of mailing and publication of the Notice and Proof of Claim.

14.     The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons and entities

entitled thereto. Under no circumstances shall any Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

15. In order to be entitled to participate in the Net Settlement Fund, as defined in the Settlement Stipulation, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following action and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than ~~one hundred and twenty (120)~~ August 5, 2014 [initialed] ~~calendar days from the Notice Date.~~ Such deadline may be further extended by Order of the District Court. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by First-Class Mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the District Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transaction reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the Person executing the Proof of

Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

 (c) Once the Claims Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Allocation of Net Settlement Fund, whether such claim is valid, deficient, or rejected.

 (d) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the District Court with respect to the claim submitted.

 16. Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. Any Class Member wishing to make such request shall mail the request in written form, by First-Class Mail, postage prepaid, and postmarked no later than ~~twenty-one (21) calendar days prior to the Settlement Hearing~~ *August 5, 2014* to the Post Office Box address listed in the Notice. Such request for exclusion shall clearly indicate the name and address of the Person seeking exclusion, that the sender specifically requests to be excluded from the Class (as defined in the Settlement Stipulation), and that it must be signed by such Person. Such Persons requesting exclusion are also required to specify all purchases of the relevant China Valves' common stock during the Class Period, including the number and price of the shares purchased, the number and price of shares sold during the Class Period, and the date of each such purchase or sale. It is also requested that such Persons provide their telephone number or other contact information. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above,

7

or the exclusion is otherwise accepted by the District Court.

17. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Settlement Stipulation and Notice.

18. The District Court will consider comments or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if (i) such comments or objections and any supporting papers are served ~~at least twenty-one (21) calendar days prior to the Settlement Hearing~~ *on or before August 5, 2014* upon each of the following:

> William B. Federman
> FEDERMAN & SHERWOOD
> 600 Third Avenue
> New York, NY 10016
> Tel.: (212) 661-1100
>
> *Lead Counsel for Plaintiffs*
>
> Joel M. Mitnick
> SIDLEY AUSTIN LLP
> 787 Seventh Avenue
> New York, NY 10019
> Tel.: (212) 839-5300
>
> *Counsel for Defendants*

(ii) the objector provides, in its submission, documents sufficient to prove the number of shares of China Valves common stock the objector purchased and sold during the Class Period, as well as the dates and prices of each such purchase and/or sale; and (iii) the objector has filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007. Attendance at the Settlement Hearing is not necessary. Persons who wish to be heard orally at the Settlement

Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees, or Lead Counsel's request for awards to Plaintiffs, are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for award of attorneys' fees and expenses or awards to Plaintiffs, and desire to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses or awards to Plaintiffs.

19. The District Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than an announcement at the Settlement Hearing or any adjournment thereof, and to approve the Settlement without further notice to the Class.

20. All papers in support of the Settlement, the Plan of Allocation, and any application for attorneys' fees or expenses shall be filed and served thirty (30) calendar days before the Settlement Hearing and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

21. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence, or prosecute any action which asserts Released Claims against any of the Released Parties.

22. In the event that the Settlement shall not be consummated pursuant to its terms, the Settlement Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order Preliminarily Approving Settlement and Providing for Notice, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any Person or entity, and each party shall be restored to his respective position as he existed before the execution of the Settlement Stipulation.

22A. *The Clerk shall terminate DI 105.*

23. The District Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or connected with, the Settlement.

Dated: 5/1, 2014

/s/ Lewis A. Kaplan

Hon. Lewis A. Kaplan
UNITED STATES DISTRICT JUDGE