Kaplan, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :    Master Docket No. 11 Civ. 0796 (LAK)
                                                               :
CHINA VALVES TECHNOLOGY SECURITIES                             :    ECF Case
LITIGATION                                                     :
                                                               :
This paper applies to: ALL CASES                               :
                                                               :
---------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/2014

[PROPOSED] ORDER AND FINAL JUDGMENT

On the 4th day of September, 2014, a hearing having been held before this Court to determine: (i) whether the terms and conditions of the Stipulation and Agreement of Settlement, as revised *pursuant to conversations with* the Court, dated September 29, 2014 (the "Settlement Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against Defendants China Valves Technology, Inc. ("China Valves" or the "Company"), Siping Fang, Jianbao Wang, Gang Wei, Renrui Tang, Ichi Shih, Binjie Fang, Zengbiao Yu, Peter Li, William Haus, and Bin Li (collectively with China Valves, the "Defendants"); (ii) whether judgment should be entered dismissing the claims in the Litigation as to Defendants, on the merits and with prejudice; (iii) whether to approve the proposed Plan of Allocation (described in the Notice of Pendency and Proposed Settlement of Class Action) as a fair and reasonable method to allocate the settlement proceeds among members of the Class; and (iv) whether and in what amount to award fees and reimbursement of expenses to Lead Counsel and awards to Plaintiffs;

The District Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a notice of the Settlement Hearing substantially in the form approved by the District Court in the Preliminary Order was mailed to all Persons and entities reasonably

identifiable who purchased China Valves' common stock that is the subject of the Litigation, during the Class Period, except those Persons and entities excluded from the definition of the Class; and

It appearing that the Summary Notice of the hearing substantially in the form approved by the District Court in the Preliminary Order was published in accordance with the Preliminary Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The District Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, all Class Members, and the Defendants.

2. All capitalized terms used herein shall have the same meanings as set forth and defined in the Settlement Stipulation.

3. The District Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes only, in that: (i) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Class; (iii) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (iv) Plaintiffs fairly and adequately represent the interests of the Class; (v) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the District Court hereby certifies the Class Action as a class

action on behalf of all those who: (i) purchased or otherwise acquired by January 13, 2011 the common stock of the Company pursuant or traceable to the Company's prospectuses issued in connection with its offering of stock on January 5, 2011; or (ii) purchased or otherwise acquired the Company's common stock from January 12, 2010 to November 18, 2010, both dates inclusive. Excluded from the Class are the Defendants, any members of Defendants' immediate families, any entity in which any Defendant has a controlling interest, directors and officers of China Valves, and the affiliates, legal representatives, heirs, predecessors, successors, and assigns of any such excluded party. Also excluded from the Class are any putative Class Members who exclude themselves by filing a timely, valid request for exclusion.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiffs are certified as class representatives, and the Lead Counsel previously appointed by the District Court is hereby appointed as Lead Counsel for the Class.

6. The Settlement Stipulation, which is incorporated and made a part of this Order and Final Judgment, is approved as fair, reasonable, and adequate, and in the best interests of the Class. Plaintiffs and the Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

7. The claims made in the Litigation as to Defendants are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Stipulation.

8. Each Plaintiff, Class Member (including but not limited to any Class Member who is a party to any other action, arbitration, or other proceeding who is asserting claims related to the Released Claims against any of the Defendants or any of the Released Parties that are pending on the day of Final Approval), on behalf of themselves, their heirs, joint tenants, tenants

in common, beneficiaries, executors and administrators, successors, attorneys, insurers and assigns, and any Person they represent, hereby release and forever discharge, and shall be deemed to have released, dismissed, and forever discharged, the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party. Each Plaintiff, Class Member (whether or not any such Person submits a Proof of Claim, or otherwise shares in the Settlement Fund), on behalf of themselves and each of their predecessors, successors, assigns, personal representatives, heirs, and any other Person who purports to claim through them, is hereby deemed by this Settlement to have released and forever discharged the Released Parties from any and all of the Released Claims. Each Plaintiff, Class Member, and anyone claiming through or on behalf of any of them, is forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

      9.      Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under any of them, and each of them, are hereby deemed by this Settlement to have released and forever discharged by each Plaintiff, Class Member, and Plaintiffs' Counsel in the Litigation from any and all claims, known or unknown, arising out of or relating to his filing, prosecution, or settlement of the Litigation, except for claims to enforce the Settlement. Defendants are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative

forum, or other forum of any kind, asserting any and all claims, known or unknown, arising out of or relating to their filing, prosecution, or settlement of the Litigation, except for claims to enforce the Settlement against any Plaintiff, Class Member, and Plaintiffs' Counsel.

10. Each Plaintiff and Class Member, is hereby permanently barred and enjoined from prosecuting the Released Claims against the Released Parties.

11. In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. 78U-4(f)(7)(A), the Released Persons are discharged or released from all claims for contractual contribution or other contribution or indemnification that have been or may be brought by or on behalf of any Persons relating to the Settlement of the Released Claims or based upon, arising out of, relating to, or in connection with the Released Claims of the Class, any Class Member. As of the Effective Date, any and all Persons are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or proceeding asserting such claim for contribution or indemnification.

12. The District Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Neither this Order and Final Judgment, the Settlement Stipulation, nor any of the negotiations, documents, or proceedings connected with them shall be:

(a) referred or used against the Released Parties or against the Class or any shareholder or unit holder purporting to represent any entity of China Valves, as evidence of wrongdoing by anyone;

(b) construed against the Released Parties or the Class or any shareholder or unit holder purporting to represent any entity of China Valves, as an admission or

concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(c) construed as, or received in evidence as, an admission, concession, or presumption against the Class or any of them, or any shareholder or unit holder purporting to represent any entity of China Valves, that any of their claims are without merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

14. Exclusive jurisdiction is hereby retained over each of the Parties, Released Parties, Class Members, and shareholder or unit holder purporting to represent any entity of China Valves, for all matters relating to the Litigation, including the administration, interpretation, effectuation, or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

15. Without further order of the District Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the District Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. Lead Counsel are hereby awarded $ 325,000 in attorneys' fees, ~~plus interest~~, (particularly in view of the small recovery) which the Court finds to be fair and reasonable and $ 33,973.57 in reimbursement of costs and other expenses, plus interest. The fee and expense awards shall be paid to Lead Counsel pursuant to the terms of the Settlement Stipulation. Lead Plaintiff Bristol Investment Fund, Ltd. is hereby awarded the sum of $ 3,500 and Plaintiff Joseph Gibbons is hereby

awarded the sum of $ 1,500 as reimbursement awards for their involvement and oversight of the Litigation on behalf of the Class. The reimbursement awards shall be paid to Plaintiffs pursuant to the terms of the Settlement Stipulation.

18. The District Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the settlement proceeds among members of the Class.

19. The District Court hereby finds that the notice provided to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those Persons set forth in Exhibit A.[1]

20. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated, the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in ¶¶ 6-9 and 31-33 in the Settlement Stipulation), and the parties shall be returned to their respective positions immediately before the execution of the Settlement Stipulation.

Dated: Sept. 30, 2014

Hon. Lewis A. Kaplan
UNITED STATES DISTRICT JUDGE

---

[1] An Exhibit A will be attached hereto only in the event that Persons have requested exclusion from the Class.